UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

XIAOJIE SHUN a/k/a Lucy,
and LIZHONG SHEN a/k/a Tony,

          Defendants.

**DECISION AND ORDER**
16-CR-75-A

---

  Defendant Xiaojie Shun filed a motion for reconsideration (Dkt. No. 114) of the Court's Order dated September 13, 2019 (Dkt. No. 113), which denied defendant Shun's supplemental and conditional motion (Dkt. No. 111) for an order "on Ms. Shun's Motion for [a] Bill of Particulars recognizing this method of proof [referring to a method of proof described in the defendant's motion] as the method that will be used at trial." *Id*. at p. 3, ¶ 13.  The defendant contends reconsideration of her motion is necessary due to factual errors and a misapprehension of case law setting the standard for granting a bill of particulars on the part of the Court.

  Specifically, defendant Shun contends the denial of her conditional motion for an order giving her descriptions of two methods of proof disclosed to her by the United States the preclusive effects of a bill of particulars was predicated on an error about the source of supporting attachments to her descriptions.  *See* Dkt. No. 114, p. 2.  It was, however, patently obvious that the defendant's descriptions of the United States' disclosures of its methods of proof were based upon information the United States had provided to her.  *See* Dkt. No. 111.  The Court is hard pressed to imagine how it could

have been otherwise, even without regard to the numerous explicit references to the United States' disclosures to the defendant in her supplemental motion. *Id*. And despite the defendant's assertion that her motion for reconsideration was based upon "specific factual errors," Dkt. No. 114, p. 1, the defendant points to no other purported factual error in the Court's September 13, 2019 Decision and Order. *Id*.

Moreover, defendant Shun's appeal of the Magistrate Judge's order denying her motion for a bill of particulars was denied separately because she failed to carry her burden to establish that the denial was either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1); Dkt. No. 113, pp. 2-3. The defendant cites no controlling decision that the Court overlooked or misapprehended in denying her appeal, no intervening change in law, and the Court finds that her professed concerns about facing trial without certainty as to the specific income and tax losses the United States may seek to prove in its case in chief do not rise to a showing of manifest injustice. The defendant's motion for reconsideration (Dkt. No. 114) is therefore without merit and is denied.

**SO ORDERED**.

    *s/Richard J. Arcara*
    HONORABLE RICHARD J. ARCARA
    UNITED STATES DISTRICT COURT

Dated: October 10, 2019