UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,   1:16-CR-75 RJA

　　　　　　　　　　　　　　　　　DECISION AND
　　　　　　　　　　　　　　　　　ORDER
    v.

XIAOJIE SHUN a/k/a Lucy,
and LIZHONG SHEN a/k/a Tony,

　　　　　Defendant.

_____

## INTRODUCTION

Before the Court is defendant Xiaojie Shun's motions to dismiss all counts of the Superseding Indictment (Dkt. Nos. 119, 151); the Government's motion *in limine* to exclude evidence and argument of tax loss (Dkt. No. 135); and the Government's motion to exclude undisclosed defense evidence (Dkt. No. 91). For the following reasons, Shun's motions to dismiss are denied in their entirety; the Government's motion to exclude evidence and argument of tax loss is granted; and the Government's motion to exclude undisclosed defense evidence is denied without prejudice for renewal at the time of trial.

## BACKGROUND

Defendant Shun is charged, in a Superseding Indictment returned on June 28, 2018, with the following offenses: (1) Conspiracy to Defraud the United States from June 2008 through April 2010, in violation of Section 371 of Title 18 of the United States Code; (2) Subscribing to a False Tax Return on April 23, 2010, in violation of Section 7206(1) of Title 26 of the United States Code; (3) Aiding and Assisting in the Preparation of False Tax Return on or about September 17, 2012, in violation of Section 7206(2) of Title 26 of

the United States Code; and (4) Subscribing to a False Tax return on or about April 15, 2013. (Dkt. No. 33) Co-defendant Lizhong Shen is also charged with Conspiracy to Defraud the United States from June 2008 through April 2010.[1] (*Id.*)

Shun and Shen, residents of Williamsville, New York, were married prior to the events charged in this case through in or around January 2012. It is alleged that from in or around April of 2004 through in or around November of 2009, defendants jointly operated BTL International Co., Ltd. ("BTL"), a corporation that provided tour or travel services in Niagara Falls, New York. In or around November of 2009, defendants separated from their marriage and Shen ceased working for BTL. In or around January of 2011, Shun ceased operating BTL and began operating Niagara Falls Universal Inc. ("NFU"), a corporation that similarly provided tour and travel services in Niagara Falls, New York.

With respect to Count 1, the Superseding Indictment alleges that, from June 2008 through April 2010, Shun and Shen knowingly and willfully conspired to defraud the United States by preventing the Internal Revenue Service ("IRS") from determining the proper amount of corporate tax owed by BTL as well as the proper amount of individual income tax owed jointly by Shun and Shen, through the filing of false or fraudulent tax returns. It is alleged that, in furtherance of the conspiracy, defendants: (1) provided false and fraudulent information to their accounting firm which understated gross receipts earned by BTL; (2) concealed from their accounting firm BTL's QuickBooks records,

---

[1] The Superseding Indictment also charged Shen with Subscribing to a False Tax Return on April 23, 2010. (Dkt. No. 33, Count 3) On March 15, 2019, the Government moved to dismiss this Count and strike the first reference to Shen in Paragraph 21 of Count 1 of the Superseding Indictment. (Dkt. No. 77) The Court granted the Government's motion and issued an Order of Dismissal on March 18, 2019. (Dkt. No. 78)

which maintained the true gross receipts of the business; (3) diverted funds from BTL for their own personal use; and (4) provided their accounting firm with false and fraudulent information regarding their personal income by concealing their diversion of funds from BTL for their personal use. The overt acts set forth in the Superseding Indictment include defendants' actions in causing false and fraudulent corporate and joint individual income tax returns to be filed on their behalf for the fiscal years ending in March 2008 and March 2009. The most recent overt act in furtherance of the conspiracy specifically set forth in the Superseding Indictment occurred on April 23, 2010, when Shun allegedly signed and submitted to the IRS a fraudulent joint individual income tax return in defendants' names for the 2009 tax year.

Count 2 charges Shun with willfully filing a false joint individual income tax return on April 23, 2010, for the 2009 tax year, by representing that she and Shen received $22,880 in income when she knew that they received substantially more income. Count 3 alleges that on September 17, 2012, Shun assisted in the preparation and filing of a false income tax return, on behalf of her business NFU, for the 2011 tax year. Specifically, it is alleged that Shun represented that NFU received $55,010 in total gross receipts or sales despite knowing that the company received substantially more gross receipts and total income. Count 4 charges Shun with willfully filing a false individual income tax return on April 15, 2013, for the 2012 tax year, by representing that she received $38,000 in income despite knowing that she had received substantially more income.

On November 24, 2019, Shun filed a motion to dismiss Counts 2, 3, and 4 of the

Superseding Indictment.[2] (Dkt. No. 119) The Government filed a response in opposition (Dkt. No. 122) and Shun filed a reply (Dkt. No. 123).[3] On May 26, 2020, Shun filed a motion to dismiss Count 1 of the Superseding Indictment. (Dkt. No. 151) The Government filed a response in opposition (Dkt. No. 153), defendant filed a reply (Dkt. No. 154), and the Government filed a supplemental response (Dkt. No. 160).[4] The Government has also filed a motion to exclude undisclosed defense evidence (Dkt. Nos. 90, 91), and a motion to exclude from trial any evidence or argument that the United States must prove tax loss as an element of the crimes charged (Dkt. No. 135).

---

[2] Shun's papers moved for dismissal of "Counts 2, 4 and 5" of the Superseding Indictment. However, because the Court dismissed Count 3 of the Superseding Indictment on March 18, 2019 upon request of the Government, the original Count 4 in the Superseding Indictment is now Count 3 and the original Count 5 in the Superseding Indictment is now Count 4. Thus, Shun is presently moving to dismiss Counts 2, 3 and 4 of the Superseding Indictment.
[3] Defense counsel further filed a supplemental affirmation which the Court also reviewed prior to issuing this Decision. (Dkt. No. 129)
[4] The Court heard oral argument as to the motion to dismiss Counts 2, 3 and 4 of the Superseding Indictment on December 23, 2019, at which time the Court asked the Government to make a supplemental filing outlining its anticipated proof at trial with respect to Count 3. The Government filed a brief in response to this request. (Dkt. No. 137) Defendant filed a response to the Government's brief. (Dkt. No. 144) Therein, defendant disputed the Government's theory of the case and objected to the admissibility of much of the evidence the Government indicated it would offer at trial. (*Id.*) The arguments raised in defendant's response are evidentiary issues that will be addressed, if necessary, during the trial. The Government thereafter supplemented its response as to the evidence it would offer in support of Count 3. (Dkt. Nos. 162, 163) Defendant then filed supplemental responses in support of both its motion to dismiss Counts 2, 3 and 4 as well as its motion to dismiss Count 1. (Dkt. Nos. 164, 176, 198) **The Court has reviewed the voluminous submissions and finds that no further briefing is necessary to decide the instant motions to dismiss, which are denied for the reasons stated herein. On December 23, 2019, the Court noted that it may require similar evidentiary filings with respect to Counts 2 and 4 as it had with respect to Count 3. However, in light of the parties' trial briefs and the extensive other motions and filings in this matter, the Court is not requesting any further filings on these issues.**

**DISCUSSION**

*Motions to Dismiss*

Indictments are governed by Federal Rule of Criminal Procedure 7(c), which requires a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). An indictment is sufficient if it: (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which she must defend, and (2) enables her to plead an acquittal of conviction in bar of future prosecutions for the same offense. See *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998). Further, "[i]t is axiomatic that an indictment returned by a legally constituted and unbiased grand jury is valid on its face and is enough to call for a trial of the charge on the merits." *United States v. Elliott*, 363 F. Supp. 2d 439, 451 (NDNY 2009); *citing United States v. Williams*, 504 U.S. 36, 54 (1992).

This Circuit has consistently upheld indictments that do little more than track the language of the statute charged and state the time and place, in approximate terms, of the alleged crime. *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999); *accord United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975). Further, "[t]he validity of an indictment is tested by allegations, not by whether the Government can prove its case." *United States v. Coffey*, 361 F. Supp. 2d 102, 111 (EDNY 2005); *citing Costello v. United States*, 350 U.S. 359, 363 (1956). *See also United States v. Wey*, 15-CR-611, 2017 WL 237651, at *5 (SDNY Jan. 18, 2017) (when considering a motion to dismiss, the Court must treat the indictment's allegations as true.). Thus, Rule 12(b)(2) prohibits defendants from challenging the sufficiency of the government's evidence before trial. *United States v. Piper*, 12-CR-41, 2012 WL 4757696 at *2 (D. Vt. Oct. 5, 2012).

Here, the Superseding Indictment properly sets forth the elements of the offenses charged in accordance with the relevant statutory language, as well as the specific dates or approximate timeframes of each crime charged. It protects Shun from double jeopardy and, together with discovery, allows her to prepare a defense. Contrary to defendant's argument, the conspiracy allegations in Count 1 do not "fail on their face." Instead, the Superseding Indictment describes the specific nature of the conspiracy, including that Shun and Shen willfully and knowingly conspired together to defraud the United States by preventing the IRS from accurately determining the amount of corporate tax due from BTL, as well as the amount of income tax due from them as individuals. The Superseding Indictment provides details as to the manner and means of the conspiracy, including, *inter alia*, defendants' alleged diversion of funds and concealment of records from their accounting firm. Multiple, specific overt acts are enumerated in the Superseding Indictment, as well as the approximate dates on which they occurred. Moreover, it is axiomatic that "an indictment need not identify all alleged co-conspirators, *nor specify the nature, time and place of every overt act the defendant or others allegedly took in furtherance of a conspiracy*, nor must it set forth all the evidence the government seeks to introduce." *United States v. Castro*, 08 CR 268 (SDNY Nov. 25, 2008) (emphasis added); *accord United States v. Butler*, 351 F. Supp. 2d 121, 134 (SDNY 2004). Thus, while the Government has set forth specific overt acts in the Superseding Indictment, it may certainly introduce evidence of other overt acts at trial, provided they are in furtherance of the same conspiracy. For these reasons, the Superseding Indictment is valid on its face.

Further, defendant seems to contend that all Counts of the Superseding Indictment must be dismissed because (1) the Government's theory of the case is incorrect and (2) the Government's anticipated proof at trial will fail to show that Shun actually concealed any reportable income. For example, defendant claims that the Government "fails to allege or proffer any facts supporting the elements of a conspiracy." As to Count 2, defendant argues that six of the items of income Shun allegedly failed to report for the 2009 tax year do not constitute income as a matter of law. As to Count 3, defendant maintains that the Government's position that NFU should have reported, as gross receipts and income, millions of dollars of invoices sent to clients for hotel rooms, restaurants and other third-party services is incorrect because these payments were reimbursements as opposed to taxable income. As to Count 4, defendant contends that the Government is erroneously alleging that certain payments from BTL to Shun were "dividends" and "fails to account for any amounts that may be the return of capital or reimbursements for expenses Ms. Shun paid on the company's behalf." These arguments raise impermissible pretrial challenges to the sufficiency of the Government's evidence. Stated another way, defendant is asking the Court to look beyond the allegations in the Superseding Indictment, make conclusions and draw inferences as to what the prosecution's proof will be at trial, and determine whether that proof is sufficient for a conviction. That is not role of the Court in a criminal proceeding, and "the federal rules do not authorize judges to engage in pre-trial inquest to decide if the prosecution will have enough evidence to prove its case at trial." *United States v. Rankin*, 3:18-CR-00272, 2019 WL 6044741 at 5 (D. Conn. Nov. 15, 2019). Indeed, whether certain payments, invoices, and records show that Shun knowingly filed or caused to be filed false business or

7

personal tax returns is a factual matter for the jury to decide. It may be that the Government cannot prove, beyond a reasonable doubt, that Shun conspired to defraud the United States; subscribed a false tax return; or assisted in preparing a false tax return. However, this determination is to be made by the factfinder at the time of trial, after the Government has offered its evidence and Shun has had the opportunity to cross-examine witnesses and put on a defense.

Further, defendant's repeated contention that the Government's proffered evidence or theory of the case fails "as a matter of law" does not alter the analysis here. Questions of law are not determined in the pretrial context in a criminal case. *See Piper*, 2012 U.S. Dist. LEXIS 144466, *15 ("[E]ven if the motion to dismiss the indictment raised a pure question of law, the Court would nevertheless decline to resolve it here."). Indeed, the Federal Criminal Rules do not provide a vehicle for moving for summary judgment. Instead, "a judge must allow the prosecution an opportunity to marshal and present its evidence at trial; only then may a defendant challenge the sufficiency of the evidence by way of a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 at the close of the evidence in the case." *Rankin*, 2019 WL 6044741, at *5 ("[W]hen a court considers a defendant's pre-trial motion to dismiss an indictment, it must be alert to arguments that may artfully be framed as if challenging the sufficiency of the indictment but in reality invite the judge to decide if the prosecution can meet its evidentiary burden."). Should the Government's proof fail to show, as defendant now contends, that Shun knowingly or willfully concealed or helped to conceal reportable income to the IRS, a Rule 29 motion can be made by defendant at the close of the Government's case-in-chief. *See United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) ("[A] district court will grant a motion

to enter a judgment of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt.").

The Court next rejects defendant's argument that Count 1 of the Superseding Indictment should be dismissed on statute of limitations grounds. The statute of limitations for a conspiracy to commit tax fraud in violation of Section 371 of Title 18 of the United States Code is six years. *See* 18 U.S.C. §371; 26 U.S.C. §6531. Further, Count 1 is a continuing offense because it "involves a course of conduct, the commission of which is not complete until the conduct has run its course." *United States v. Rivera-Ventura*, 72 F.3d 277, 281 (2d Cir. 1995); *See United States v. Rutigliano*, 790 F.3d 389, 395-96 (2d Cir. 2015) (a conspiracy is a well-recognized example of a continuing offense). Where, as here, a conspiracy statute requires proof of an overt act, the statute of limitations runs from the date of the final overt act. *See United States v. Flaherty*, 295 F.3d 182, 192 (2d Cir. 2002).

Here, it is undisputed that Shun signed two agreements that tolled the statute of limitations. The first agreement tolled the statute of limitations for three months, from January 14, 2016 until April 14, 2016, and the second agreement tolled the statute of limitations for six months, from April 14, 2016 through October 14, 2016. (Dkt. Nos. 151, pg. 10 and 160, pg. 5) The effect of the two tolling agreements was to exclude five months and fourteen days between the execution of the first tolling agreement and the date of indictment from the statute of limitations calculations. Six years, five months, and fourteen days prior to the return of the Superseding Indictment is January 14, 2010. Thus, for the charges to be timely filed, there must be proof that an overt act in furtherance of the conspiracy occurred after January 14, 2010. Here, the Superseding Indictment alleges

9

that in April of 2010, Shun filed or caused to be filed, with the IRS, a false 2009 joint tax return. The tax return was signed by Shun on April 13, 2010 and the IRS received it on April 23, 2010. Since at least one overt act is alleged to have occurred after January 14, 2010, Count 1 of the Superseding Indictment was timely charged.[5]

Furthermore, "[i]n the Second Circuit, a conviction can be sustained even if the overt act proved at trial was not alleged in the indictment, so long as it was within the statute of limitations, and there is not prejudice to defendant." *United States v. Frank*, 156 F.3d 332 (2d Cir. 1998) ("because proof at trial need not, indeed cannot, be a precise replica of the charges contained in the indictment, this court has consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to prove at trial."). Since the Government need not limit its proof at trial to the overt acts specifically alleged in the Superseding Indictment, any overt act occurring after January 14, 2010, which was part of this conspiracy and proven at trial, will be sufficient to satisfy the statute of limitations requirement, regardless of whether it was enumerated in the Superseding Indictment. *Id*. ("We see no reason to devise a special rule for the statute of limitations requirement that is different from the rule governing the overt act requirement."). Conversely, a failure of the Government to prove that *any* overt act

---

[5] Defendant also argues that the conspiracy charge is untimely because "the government alleges that Shun ended the conspiracy on October 31, 2009." This is not an accurate characterization of the Government's position. The Government has indicated that it intends to offer evidence which shows that even though Shun filed a "final return" for BTL showing that it ceased to operate on October 31, 2009, BTL did, in fact, continue to earn income through May 26, 2011. Further, the Government alleges that Shun submitted a fraudulent joint individual tax return on April 23, 2010, in furtherance of the conspiracy. Thus, the Government has not alleged or conceded that the conspiracy ended on October 31, 2009. Should the Government's proof at trial fail to show that at least one overt act occurred within the relevant time period of the conspiracy, defendant may raise this defense at that time. *United States v. Hoskins*, 73 F. Supp. 3d 154 (U.S. Dist. Conn. 2014) ("Because Defendant's withdrawal and statute of limitations defenses require resolution of factual disputes, they must be decided by a jury in the first instance on the basis of a full evidentiary record.")

occurred within the statute of limitations may be raised on a Rule 29 motion to dismiss during trial and is not the proper subject of a motion to dismiss a valid indictment.

Lastly, the Court rejects defendant's argument that the Supreme Court's decision in *Marinello v. United States*, 138 S. Ct. 1101 (2018), precludes the Government's conspiracy charge in this case. In *Marinello*, a defendant was charged with a violation of Section 7212(a) of Title 26 of the United States Code, which forbids "corruptly…obstruct[ing] or imped[ing] or endeavor[ing] to obstruct or impede, the due administration of [the Internal Revenue Code]." 26 U.S.C. §7212(a). There, the Supreme Court ultimately overturned a defendant's conviction pursuant to Section 7212(a), holding that to demonstrate that a defendant attempted to obstruct or impede "the due administration" of the IRS, the government must prove a nexus between the defendant's conduct and a particular administrative proceeding, such as an investigation, audit, or other targeted administrative action. *See Marinello*, 138 S. Ct. at 1109-10. In reaching this conclusion, the *Marinello* Court focused on scope of the statutory phrase "due administration of the Tax Code" as well as Section 7212(a)'s statutory language, context and legislative history. *Id*.

*Marinello*, which addresses a violation Section 7212(a), is not applicable here. Shun is not charged with a violation of Section 7212(a) but is instead charged with conspiracy to defraud the United States pursuant to Section 371. In *United States v. Parlato*, 15-CR-149, 2019 U.S. Dist. LEXIS 33035 (WDNY Feb. 28, 2019), Judge Geraci explicitly declined to apply the holding of *Marinello* to a conspiracy charge under Section 371, "a statute [the Supreme Court] did not consider." Judge Geraci rejected defendant's argument that *Marinello's* holding should extend to Section 371 because both statutes

11

prohibit the same conduct. *Id*. He concluded instead that Section 7212(a) forbids the obstruction of the due administration of the Internal Revenue Code while Section 371 forbids obstruction of the lawful function of the government by dishonest means, and therefore *Marinello* is not analogous or instructive as to a pending conspiracy charge. This Court agrees with Judge Geraci's reasoning in *Parlato* and denies defendant's motion to dismiss Count 1 of the Superseding Indictment based on the Supreme Court's holding in *Marinello*.

### Motion to Exclude Evidence of Tax Loss

The Government has moved to exclude from trial any evidence or argument that the United States must prove tax loss as an element of any crime charged in the Superseding Indictment. (Dkt. No. 135) Defendant filed a response indicating that she did not oppose this motion. (Dkt. No. 143) The Government's motion is granted, and no evidence or argument of tax loss shall be introduced at trial.

### Motion to Exclude Undisclosed Defense Evidence

The Government previously moved to preclude defendants from introducing any evidence in their case-in-chief that was not provided to the Government by April 24, 2019. (Dkt. No. 90) This motion is denied without prejudice for renewal at the time of trial. Should the Government object to a specific piece of evidence introduced by defendant at the time of trial on the grounds that it was not previously or timely disclosed, the Court will address the issue, as it relates to the specific piece of evidence, at that time. The Court warns counsel that should defendant attempt to introduce evidence that was not disclosed in accordance with the Federal Rules of Criminal Procedure and this Court's scheduling orders, it is likely the Court will preclude defendant from introducing that evidence at trial.

**CONCLUSION**

For the foregoing reasons, Shun's motions to dismiss all counts of the Superseding Indictment are denied in their entirety; the Government's motion to exclude evidence and argument of tax loss is granted; and the Government's motion to exclude undisclosed defense evidence is denied without prejudice for renewal at trial.

**The trial in this matter is scheduled to begin on September 8, 2021 and will proceed at that time. Defendant Shun has made numerous requests throughout these proceedings asking for leave to file additional motions. Those requests are denied. The Court has now denied defendant Shun's motions to dismiss in their entirety and will not entertain any further motions to dismiss or pretrial motions. Evidentiary issues will be decided at the time of trial. Together with this Decision and Order, the Court is filing a Pretrial Order listing the remaining trial submissions to be submitted by the parties and their due date. Counsel are encouraged to focus on those submissions as well as preparing for the start of trial.**

SO ORDERED.

Dated:   August 20, 2021
         Buffalo, New York

                               _S/Richard J. Arcara_____
                               HONORABLE RICHARD J. ARCARA
                               United States District Judge