UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,	1:16-CR-75-RJA-MJR
	DECISION AND ORDER
	-v-

XIAOJIE SHUN a/k/a Lucy and
LIZHONG SHEN a/k/a Tony,

                Defendants.
_____

       The parties were present in Court today to make requests and raise objections as to the jury charges to be given at the end of the trial. Based upon the previous written submissions by the parties and the arguments heard today, the Court rules as follows.

### Good Faith Defense

       Defendant Shun has requested a charge regarding the good faith defense. *See* Dkt. No. 216, pg. 29, Modern Federal Jury Instructions, No. 8-1. In *United States v. D'Agostino*, 638 Fed. Appx. 51 (2d Cir. 2016), the Second Circuit upheld a defendant's convictions for filing a false tax return, in violation of 16 U.S.C. §7206(1), and found no error with the district court's jury charge, with respect to willfulness, that "conduct [is] not willful if it was due to negligence, inadvertence, or mistake, or was the result of good faith misunderstanding." This Court will provide a similar instruction here when it instructs the jury as to the willfulness element of Counts 2, 3 and 4. *See United States v. McGinn*, 787 F.3d 116, 126 (2d Cir. 2015) (A jury instruction on willfulness in a criminal tax case need not describe the contours of the good faith defense in exhaustive detail. Indeed, such an instruction need not reference the good faith defense at all: we

have stated that even a "standard jury instruction on the willfulness element of tax evasion generally encompasses a good faith defense.").

## No Need to Agree on the Basis for Reasonable Doubt

Defendant Shun requests an instruction to the jury, in pertinent part, that "it is not necessary for all the jurors to have the same doubt or to agree on what is in the case that creates reasonable doubt." *See* Dkt. No. 261, pg. 33. The Court's standard instructions provide a detailed explanation of reasonable doubt. *See* Modern Federal Jury Instructions, No. 4-2. The Court finds its customary reasonable doubt charge to be sufficient, and defendant's request is denied.

## Unanimity of the Defense of Withdrawal

Defendant Shen requests a charge regarding the jury's need to reach a unanimous verdict to the affirmative defense of withdrawal. *See* Modern Federal Jury Instructions, No. 9-7.2 The commentary to Section 9-7.2 of the Modern Federal Jury Instructions indicates that "it is recommended that when the court submits an affirmative defense to the jury, it should instruct the jury that in order to return a verdict, it must unanimously agree on both the question whether the government has established beyond a reasonable doubt that defendant committed the offense, and the question whether defendant has established the affirmative defense by the required burden of persuasion." *See* Federal Jury Instruction 9-7.2. The Court grants defendant's request and will give the Unanimity as to Affirmative Defense Charge as it is written in Modern Federal Jury Instructions.

## **Mere Failure to Disclose Income is Insufficient**

Defendant Shun requests a charge that "the mere failure to disclose income, without more, is insufficient to establish that the defendants interfered with or obstructed one of the government's lawful functions by deceit, craft or trickery, or at least means that are dishonest." (Dkt. No. 216, pg. 46) The Court finds that the Modern Federal Jury Instructions' comprehensive explanation as to each element of the offenses charged here, including the elements of intent which the Government must prove beyond a reasonable doubt, sufficiently instruct the jury that the Government must prove more than mere failure to disclose income. Defendant's request for a specific charge in this respect is denied.

## **Definitions of Gross Receipts and Income**

The Court will charge the jury with the following definition of gross income, taken, in pertinent part, from the Internal Revenue Code: "gross income from taxpayers, including corporations and individuals, includes all income from whatever sources derived including (but not limited to) the following items: (1) compensation for services, including fees, commission, fringe benefits, and similar items; and (2) gross income derived from business." *See* 28 USC §61(a)(1) and (2) and §7701(a)(1) and (14). Because there was a great deal of testimony about gross receipts, the Court will also provide the jury with a definition as to gross receipts. *The Court will provide the following definition of gross receipts, taken in pertinent part from the Treasury Regulations Section 1.1362-2(c)(4)(i): "gross receipts generally means the total amount received by the corporation in computing its taxable income and is not reduced by*

*returns and allowances, costs of goods sold, or deductions. Gross receipts do not include amounts received as a loan or as repayment of a loan."*

Defendants have asked the Court to instruct the jury regarding additional exceptions to the definition of gross receipts, including that "amounts received by an agent from the principal which the agent is obligated to pay over to third parties on behalf of its principal are not gross receipts of the agents and that reimbursements an agent may receive from its client for amounts the agent paid on the clients' behalf to third parties are not gross receipts on behalf of the travel agents." *See* Dkt. No. 258. A criminal defendant is entitled to instructions relating to his theory of defense for which there is some foundation in the proof. *See United States v. Dove*, 916 F.2d 41, 47 (2d Cir. 1990). The Court finds that there is insufficient evidence before the jury in this case to support defendant's request. Defense points to the fact that Gina Cardinali testified that she would send BTL monthly bills for hotel rooms. Defense also contends that there are invoices in the record which show that BTL would invoice the clients for the hotel rooms, or that BTL would pay the cost of hotel rooms. However, there is no evidence in the record that the voluminous bank deposits which were made into the business bank accounts during the relevant time period were earmarked or segregated in some way such that BTL or defendants did not have a claim of right to this money. Instead, the evidence has shown that defendants charged customers for their services, received payments from those customers, and paid their business expenses, including the costs of hotels. There is no evidence showing the funds, or even a portion of the funds, from any specific bank deposit were directly used to pay for a hotel room or other similar expenses on behalf of a customer. Moreover, the charges here relate to conspiring to

4

defraud the United States and filing, or assisting in the filing, of a false tax return. Thus, even if defendants had specifically shown that funds from a specific client deposit into the business bank account were used to pay for hotels or similar expenses on behalf of clients, it does not account for the thousands of dollars in deposits in the record here. Because the Court finds no foundation in the proof to support the defendants' requests regarding the definition of gross receipts, and because the added language would only serve to confuse the jury, defendants' request is denied. The Court will give the definition of gross receipts stated in italics above.

### Accrual Method of Accounting

Defendant Shun requests a charge regarding the accrual method of accounting. (Dkt. No. 261, pg. 15) First, the Court finds insufficient evidence in the record here that defendants used the accrual method of accounting in their business. Moreover, even if there was sufficient evidence in the record to give this charge, the Court does not find the accrual method of accounting to be relevant to any of the issues the jury must decide here. Thus, the request is denied.

### Specific Items Method of Accounting

Defendants request a charge regarding the specific items method of accounting. (Dkt. No. 216, pgs. 47-49) The charge proposed by defendants is taken, in part, from the Modern Federal Jury Instructions for the crime of tax evasion under Section 7201 of Title 26 of the United States Code. Defendants are not charged with tax evasion here. Thus, the Court finds that this charge is not relevant to the elements the Government must prove in this case. To the extent that defendants contend that the specific items charge must be given to prevent the jury from considering defendants' personal

expenditures when deciding whether defendants conspired to defraud the United States or filed a false tax return, the Court has held that evidence of such expenditures are admissible in this case. The jury may consider this evidence in light of all the testimony and exhibits presented in this case, together with the Court's instructions on the law. Thus, defendants' request is denied.

### Corporate Dividends and Constructive Dividends

Defendant Shun requests a charge regarding corporate dividends and constructive dividends and whether these items are treated as income under the tax law. (Dkt. No. 216, pgs. 52-56) The Court finds that there is no foundation in the proof to support this charge, and the request is denied.

### Transfers of Property Between Spouses

Defendants request a charge that "no gain or loss shall be recognized for transfers of property from one spouse to another or from a spouse to a foreign spouse incident to divorce." (Dkt. No. 216, pgs. 52-56) The Court finds that there is no foundation in the proof to support this charge and that it is irrelevant to the issues that the jury must consider. The request is denied.

### Overt Acts 12, 14, 16, 18, 20

Defendants requests that overt actions 12, 14, 16, 18 and 20 not be charged to the jury with regard to the conspiracy count because there was insufficient evidence that defendants provided false or fraudulent information to their accountant. The Court finds that there was evidence in the record that defendants provided information to their accountant. Defendants' arguments go to the weight of the evidence and can be presented to the jury in summation. Defendants' request is denied.

**SO ORDERED.**

Dated:   September 29, 2021
           Buffalo, New York

                                            *s/Richard J. Arcara*
                                            RICHARD J. ARCARA
                                            Senior United States District Judge